■ JOSEPH DEUTSCH, Individually and as a Shareholder on Behalf of SOUTH OF THE MOUNTAIN INVESTORS, LTD., Appellant, v JOSEPH ADLER et al., Respondents. (Action No. 1.) JOSEPH DEUTSCH, Individually and as a Shareholder on Behalf of SOUTH OF THE MOUNTAIN INVESTORS, LTD., Appellant, v JOSEPH ADLER et al., Respondents. (Action No. 2.) JOSEPH DEUTSCH, Appellant-Respondent, v JOSEPH ADLER et al., Respondents-Appellants. (Action No. 3.)—In action No. 1, a shareholders' derivative action, action No. 2, *inter alia,* to declare that South of the Mountain Investors, Ltd. is the rightful owner of all of the outstanding shares of corporate defendant South of the Mountain Developers, Ltd., and action No. 3, to recover legal fees, plaintiff Joseph Deutsch appeals from (1) an order of the Supreme Court, Rockland County (Burchell, J.), dated October 20, 1983, which, upon defendants' motions, dismissed the complaints in all three actions with leave to replead same "in one consolidated complaint", (2) an order of the same court (Gurahian, J.), dated November 7, 1983, which, *inter alia,* denied plaintiff's motion in action No. 1 for a preliminary injunction and the appointment of a temporary receiver, and granted defendants' cross motion to cancel a notice of pendency filed July 15, 1983, (3) an order of the same court (Jiudice, J.), dated November 17, 1983, which granted defendants' motion in action No. 1 to cancel a notice of pendency dated August 11, 1983, (4) an order of the same court (Gurahian, J.), dated December 7, 1983, which, *inter alia,* denied plaintiff's motion for leave to serve an amended complaint in action No. 1, and (5) an order of the same court (Gurahian, J.), dated January 3, 1984, which granted defendants' motion in action No. 1 to release certain funds which had previously been ordered to be held in escrow. Defendants cross-appeal from so much of the order dated October 20, 1983 as granted the plaintiff leave to replead his cause of action to recover legal fees.

Order dated October 20, 1983 modified, on the law, by deleting so much thereof as granted defendants' motions to dismiss the complaints in actions Nos. 2 and 3 with leave to replead, and adding thereto provisions (1) specifying that defendants' motion to dismiss the complaint in action No. 1 is

granted with leave to replead same as a shareholders' derivative action pursuant to Business Corporation Law § 626, and (2) that defendants' motions to dismiss the complaints in actions Nos. 2 and 3 are denied. As so modified, order affirmed, without costs or disbursements. The remaining actions are hereby consolidated for purposes of trial.

Orders dated November 7, 1983, November 17, 1983, December 7, 1983, and January 3, 1984, affirmed, without costs or disbursements.

Special Term was correct in holding that insofar as the complaint in action No. 1 (the shareholders' derivative action) alleged that the transfer of the ownership of certain realty from South of the Mountain Investors, Ltd. to South of the Mountain Developers, Ltd. was part of a fraudulent scheme, it failed to state a cause of action. Accordingly, and in view of the verbose and prolix nature of the remaining allegations of the complaint in action No. 1, Special Term properly determined to dismiss the entire complaint rather than attempting to prune it. However, the allegations of the complaint in action No. 1, although inartfully pleaded, do suggest self-dealing and overreaching by the individual defendants, who are officers and directors of defendant South of the Mountain Investors, Ltd. Plaintiff may therefore possess a valid shareholders' derivative action under Business Corporation Law § 626, and was properly granted leave to replead such an action. However, the complaints in actions Nos. 2 and 3 do state valid causes of action and should not have been dismissed. These actions should be consolidated for purposes of trial (see, CPLR 602) along with any properly pleaded shareholders' derivative action which plaintiff may hereafter choose to commence pursuant to Business Corporation Law § 626.

Finally, the record indicates that the remaining orders appealed from were all decided in light of the decision and order of Special Term dated October 20, 1983, with respect to action No. 1. Since that dismissal was proper, the remaining orders appealed from must be affirmed. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.